IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANIEL THOMAS LANAHAN, | * |
| Petitioner | * |
| v. | * CIVIL ACTION NO. JFM-15-2134 |
| DOCTOR HELSEL, et al., | * |
| Respondents | * |

\*\*\*\*\*\*

### MEMORANDUM

On July 22, 2015, petitioner Daniel Thomas Lanahan filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for first degree assault entered in 2007 by the Circuit Court for Carroll County, Maryland. ECF 1. Respondents filed an answer indicating that the petition must be dismissed as an unauthorized successive petition under 28 U.S.C. §2244(b)(3)(A). ECF 5. Petitioner has replied. ECF 7.

Petitioner previously sought habeas relief in this court in 2009, challenging his judgment of conviction rendered in the Circuit Court for Carroll County in 2007. *See Lanahan v. Maryland Attorney General*, AW-09-3325 (D. Md.). That case was dismissed as time barred on November 4, 2010. ECF 5-1.

Under 28 U.S.C. § 2244, petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The pending petition is successive and this court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the

1

court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that petitioner has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this Clerk shall be directed to provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that petitioner must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

A separate Order follows.

3/4/16
Date

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAR -4  AM 11:28

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY